LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9740 GAF (JCx) | Date | November 28, 2012 |
|---|---|---|---|
| Title | Avetis Topalkaradzhyan v. CSK Auto Inc., et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:**     **(In Chambers)**

**ORDER TO SHOW CAUSE**

On October 11, 2012, Plaintiff Avetis Topalkaradzhyan filed suit in the Los Angeles County Superior Court against Defendant CSK Auto, Inc. d/b/a / O'Reilly Auto Parts ("Defendant"). (Docket No. 1 [Not. of Removal ("Not.")] ¶ 1.) Plaintiff alleges that on May 31, 2012, Plaintiff was seriously injured causing him to take two weeks leave from his employment with Defendant. (Docket No. 1, Ex. A [Compl.] ¶ 6.) Plaintiff submitted paperwork from his physician that he was unable to work, but was never approved for medical leave. (Id. ¶¶ 8-9, 11.) The day before Plaintiff was planning to return to work, he was terminated. (Id. ¶ 10.) Plaintiff's complaint alleges numerous employment related state law claims against Defendant. (Id. at 1.)

Defendant removed this matter to this Court. However, the Court finds that Defendant has not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000 in accordance with 28 U.S.C. § 1332. Accordingly, Defendant is hereby **ORDERED TO SHOW CAUSE** why this case should not be remanded for lack of subject matter jurisdiction.

Where removal is based on diversity jurisdiction under 28 U.S.C. § 1332(a) and it is unclear from the face of the plaintiff's complaint whether the $75,000 amount in controversy requirement has been met, "the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." Gaus v. Miles, Inc., 980 F.2d 564, 566–67 (9th Cir. 1992). Where the plaintiff has not challenged removal, a district court "may still insist that the jurisdictional facts be established or the case be dismissed, and for that

LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9740 GAF (JCx) | Date | November 28, 2012 |
|---|---|---|---|
| Title | Avetis Topalkaradzhyan v. CSK Auto Inc., et al. | | |

purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence." McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936). In other words, the court may require the removing defendant to produce "evidence establishing that it is more likely than not that the amount in controversy exceeds [the jurisdictional amount]." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996) (internal quotations omitted).

In the present case, Defendant argues that because Plaintiff checked the box on his civil cover sheet that damages will exceed $25,000, and Plaintiff is seeking both punitive damages and attorney's fees, the amount in controversy exceeds $75,000. (Not. ¶ 4; Not., Ex. C [Civil Cover Sheet].) Such bare allegations in a notice of removal are insufficient to satisfy the amount in controversy requirement. See Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090–91 (9th Cir. 2003) ("Conclusory allegations as to the amount in controversy are insufficient."); see also Gaus, 980 F.2d at 567. Because Defendant has not provided evidence that "it is more likely than not" that the amount in controversy is satisfied, jurisdiction under § 1332(a) has not been established. To establish the amount in controversy, Defendant must offer a more thorough reasoning as to why Plaintiff's claims put $75,000 or more in controversy.

For the foregoing reasons, the Court is not convinced that it has jurisdiction under § 1332(a) in this case. As such, Defendant is **ORDERED TO SHOW CAUSE why this case should not be remanded for lack of subject matter jurisdiction. Defendant should file a written response by no later than Thursday, December 6, 2012**. **A failure to file a timely response to this Order will be deemed consent to an Order remanding this case to Superior Court.**

**IT IS SO ORDERED.**