LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9740 GAF (JCx) | Date | December 11, 2012 |
|---|---|---|---|
| Title | Avetis Topalkaradzhyan v. CSK Auto Inc., et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**        **(In Chambers)**

## ORDER TO SHOW CAUSE

On October 11, 2012, Plaintiff Avetis Topalkaradzhyan filed suit in the Los Angeles County Superior Court against Defendant CSK Auto, Inc. d/b/a O'Reilly Auto Parts ("Defendant"). (Docket No. 1 [Not. of Removal ("Not.")] ¶ 1.) Plaintiff alleges that on May 31, 2012, Plaintiff was seriously injured causing him to take two weeks leave from his employment with Defendant. (Docket No. 1, Ex. A [Compl.] ¶ 6.) Plaintiff submitted paperwork from his physician that he was unable to work, but was never approved for medical leave. (Id. ¶¶ 8-9, 11.) The day before Plaintiff was planning to return to work, he was terminated. (Id. ¶ 10.) Plaintiff's complaint alleges numerous employment related state law claims against Defendant. (Id. at 1.)

Defendant removed this matter to this Court. However, the Court found that Defendant did not shown by a preponderance of the evidence that the amount in controversy exceeded $75,000 in accordance with 28 U.S.C. § 1332, and issued an order to show cause why the case should not be remanded for lack of subject matter jurisdiction. (Docket No. 8, [11/28/12 Order].) Defendant timely responded. (Docket No. 10, [OSC Response].) But as explained in detail below, the Court finds that Defendant still did not show by a preponderance of the evidence that the amount in controversy exceeds $75,000. Accordingly, Defendant is again, and for the final time, **ORDERED TO SHOW CAUSE** why this case should not be remanded for lack of subject matter jurisdiction.

Where removal is based on diversity jurisdiction under 28 U.S.C. § 1332(a) and it is unclear from the face of the plaintiff's complaint whether the $75,000 amount in controversy

LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9740 GAF (JCx) | Date | December 11, 2012 |
|---|---|---|---|
| Title | Avetis Topalkaradzhyan v. CSK Auto Inc., et al. | | |

requirement has been met, "the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." Gaus v. Miles, Inc., 980 F.2d 564, 566–67 (9th Cir. 1992). Where the plaintiff has not challenged removal, a district court "may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence." McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936). In other words, the court may require the removing defendant to produce "evidence establishing that it is more likely than not that the amount in controversy exceeds [the jurisdictional amount]." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996) (internal quotations omitted). The Ninth Circuit has endorsed the "practice of considering facts presented in the removal petition as well as any summary-judgement-type evidence relevant to the amount in controversy at the time of removal." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (internal quotations and citation omitted).

In the present case, Defendant initially argued that because Plaintiff checked the box on his civil cover sheet that damages will exceed $25,000, and Plaintiff is seeking both punitive damages and attorney's fees, the amount in controversy exceeds $75,000. (Not. ¶ 4; Not., Ex. C [Civil Cover Sheet].) The Court found such bare allegations in a notice of removal insufficient to satisfy the amount in controversy requirement. See Matheson, 319 F.3d at 1090–91 ("Conclusory allegations as to the amount in controversy are insufficient."); see also Gaus, 980 F.2d at 567. Defendant now makes two arguments: (1) "verdicts in California disability discrimination actions with similar allegations to those in the present case often result in six and seven-figure jury verdicts, even before an award of attorney fees," and (2) Plaintiff's counsel has implicitly acknowledged that the matter in controversy exceeds the jurisdictional minimum . . . by refusing to stipulate to a remand." (OSC Response at 3.)

Defendant's arguments fall well short of meeting the preponderance standard. The Court is unaware of a "typical" disability discrimination award, let alone why this case fits that mold. Defendant cites no authority to the effect that representative cases are sufficient to meet a removing party's burden, and nothing Defendant has submitted establishes that this case is factually similar to cases where the plaintiff obtained a large award. Indeed, this Court has presided over trials involving allegations of disability discrimination that resulted in a defense verdict. Accordingly, an argument that this is the type of case where juries sometimes return large verdicts falls far short of showing that the jurisdictional amount in controversy has been satisfied. And because it is Defendant's burden to meet the jurisdictional elements, the Court infers absolutely nothing from Plaintiff's unwillingness to stipulate to a remand.

**LINK: 1**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9740 GAF (JCx) | Date | December 11, 2012 |
|---|---|---|---|
| Title | Avetis Topalkaradzhyan v. CSK Auto Inc., et al. | | |

Given "the principle that the congressional grant of diversity jurisdiction is to be strictly construed," Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1092 (9th Cir. 1983), the Court cannot find that Defendant has put forth sufficient evidence in response to the Court's Order to Show Cause to satisfy its burden. Defendant is, simply put, speculating. To establish the amount in controversy, Defendant must offer a more thorough reasoning as to why Plaintiff's claims put $75,000 or more in controversy.

For the foregoing reasons, the Court is not convinced that it has jurisdiction under § 1332(a) in this case. As such, Defendant is **ORDERED TO SHOW CAUSE why this case should not be remanded for lack of subject matter jurisdiction. Defendant should file a written response by no later than Tuesday, December 18, 2012**. **A failure to file a timely response to this Order will be deemed consent to an Order remanding this case to Superior Court.**

**IT IS SO ORDERED.**